PROB 12C
(7/93)

Report Date: July 17, 2013

# United States District Court

## for the

## Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Adrian Aaron Bird-Lake     Case Number: 2:12CR00076-001

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, Chief U.S. District Judge

Date of Original Sentence: 1/8/2013

Original Offense:     Abusive Sexual Contact in Indian Country, 18 U.S.C. § 2244(b)

Original Sentence:     Prison - 210 Days;     Type of Supervision: Supervised Release
TSR - 60 Months

Asst. U.S. Attorney:     Rudy Verschoor     Date Supervision Commenced: 1/16/2013

Defense Attorney:     Robert R. Fischer     Date Supervision Expires: 1/15/2018

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition # 4**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.<br><br>**Special Condition # 26**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising officer, but no more than six<br><br>**Supporting Evidence**: On July 15, 2013, the offender signed a drug use admission form, on which he admitted using marijuana on July 13, 2013. |
| 2 | **Standard Condition # 1**: The defendant shall not leave the judicial district without the permission of the court or probation officer.<br><br>**Supporting Evidence**: On July 16, 2013, the offender traveled to the District of Idaho, near Sandpoint, Idaho, without permission. |

Prob12C
Re: Bird-Lake, Adrian Aaron
July 17, 2013
Page 2

3      **Special Condition # 20**: You shall live at an approved residence, and shall not change your living situation without advance approval of the supervising officer.

         **Supporting Evidence**: On July 16, 2013, the offender stayed at the Royal Scot Motel in Spokane, Washington, without approval.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    07/17/2013

s/Shane Moore

Shane Moore
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

C. Imbrogno
U.S. Magistrate Judge for the presiding Judge

Signature of Judicial Officer

July 17, 2013
Date    at 3:07 p.m.

# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
PROBATION OFFICE

**SCOTT M. MORSE, SR.**

CHIEF PROBATION OFFICER
U.S. COURTHOUSE
920 W Riverside, Room 540
PO BOX 306
SPOKANE, WA 99210-0306
(509) 742-6300 / fax (509) 742-6339

July 17, 2013

**BRANCH OFFICES**

FEDERAL BUILDING
25 S. 3rd Street, Room 326
PO BOX 1791
YAKIMA, WA 98907-1791
(509) 574-5535 / fax (509) 574-5539

FEDERAL BUILDING
825 Jadwin Ave, Suite 170
RICHLAND, WA 99352
(509) 943-8130 / fax (509) 943-8139

REPLY TO  Spokane

The Honorable Rosanna Malouf Peterson
Chief U. S. District Judge
Thomas S. Foley U. S. Courthouse
920 West Riverside
Spokane, WA 99201



**RE: Bird-Lake, Adrian Aaron**
**Dkt. No. 2:12CR00076-001**
**Custody Status: Continues Under Supervision**
**Violation Report #1**

Dear Judge Peterson:

Attached for the Court's review is a petition for action on the above-captioned offender. The circumstances of the alleged noncompliant behavior are reported therein.

**Compliance with Supervision Conditions:**

Mr. Bird-Lake entered the Spokane Residential Reentry Center (RRC) on January 15, 2013. The offender received 12 incident reports while at the RRC, the first occurring on January 25, 2013. The offender recorded two incident reports for using abusive or obscene language, one for refusal to obey an order, two for being unsanitary or untidy, six for violating a community condition, and one for refusal to provide a urine sample.

On February 7, 2013, the undersigned addressed the offender's behavior at the RRC and verbally reprimanded him due to his disrespect for RRC staff. At that time, he was instructed to contact a sex offender treatment counselor to arrange an assessment for treatment. Although the offender was given the opportunity to arrange the assessment according to his schedule, he failed to contact the treatment provider.

On April 3, 2013, the undersigned met the offender and RRC staff to address his continued behavioral issues at the RRC and his failure to contact the sex offender treatment provider to arrange an assessment. The offender was verbally reprimanded for his conduct at the

Re: Bird-Lake, Adrian Aaron
July 17, 2013
Page 2

RRC. He identified several potential consequences that could occur if his behavioral issues continued, and identified pro-social behaviors that would replace his past behavior. Further, he agreed to conduct himself according to the pro-social behaviors he identified. Housing was also addressed with the offender. At the time of the meeting, the offender had done nothing with respect to searching for appropriate housing. The offender's RRC counselor and the undersigned recommended that he begin participating in Spokane's Neighborhood Action Program (SNAP) that assists with housing placement and provides financial assistance for rent.

Because of the offender's failure to arrange a sex offender assessment, the undersigned made an appointment for him, and on April 8, 2013, directing him to report to the counselor's office on April 10, 2013. The offender complied with the directive; however, failed to report for his follow up appointment on April 30, 2013. On May 1, 2013, the undersigned met with the offender at the RRC, provided him with a letter of reprimand for missing his appointment, and provided him written instruction to report to his counselor on May 8, 2013. The offender complied with the written instruction.

On May 28, 2013, the undersigned met with the offender to discuss his progress. The offender advised he had submitted an application to SNAP for housing assistance, but had not started the program. Contact with SNAP indicated that the offender's application had not been processed and they advised that the offender would have to resubmit the application. The undersigned also referred the offender to the Spokane Tribe of Indians Health and Human Services for a mental health assessment. Previously, the offender reported receiving mental health services from the Native Project in Spokane, Washington.

On June 27, 2013, the offender reported to the undersigned that he had completed the assessment process, and that the counselor told him he did not need to return to the counselor anymore. The offender further advised that the counselor told him he did not appear to need sex offender treatment. The undersigned contacted the sex offender treatment counselor to verify, and learned the counselor had not made those statements. The undersigned scheduled a July 1, 2013, appointment for the offender, so the counselor could meet with the offender and review the assessment results. The appointment date was provided to the offender with instructions to appear. The offender and counselor reset the appointment to July 2, 2013; however, the offender failed to show.

On July 11, 2013, the undersigned and the offender discussed his release plan when he is discharged from the RRC. The offender provided an address to a residence in Spokane, Washington, that belongs to the offender's cousin. He indicated that he would be staying there until he could locate an apartment utilizing the SNAP financial assistance program.

Re: Bird-Lake, Adrian Aaron
July 17, 2013
Page 3

The offender's 180-day placement at the RRC ended on July 12, 2013, and the offender was discharged homeless due to his inability to secure housing prior to his discharge date. At the time of this report, the offender is temporarily residing with a family member in Spokane, Washington, while attempting to find appropriate housing.

The offender's discharge report reflects, "[the offender] was a challenging resident. Despite multiple efforts to counsel him, provide guidance and support, he continuously failed the program. The RRC staff and his PO had an intervention meeting with [the offender] to address concerns and offer assistance, but all efforts failed. He lacked motivation to find employment and housing; accomplished very little while he was a resident at the SRRC. [The offender] would frequently sleep for hours during the day, had multiple infractions, was often disrespectful and argumentative with staff. He consistently failed to submit his passes on time, failed to manage his time; checking out late, returning late, missing appointments, etc. [The offender] often blamed others and would never take responsibility for his own actions. It's possible that underlying issues such as his mental health contributed a great deal to his failure to program." Copies of the offender's infractions are available for the Court's review.

On July 15, 2013, the offender reported to the U.S. Probation Office as directed. The offender provided a second address for a different relative in Spokane, Washington, and indicated that he would be staying at one of the two residences. The offender was instructed to provide the undersigned with a schedule of which address he would be at and for how long, as the offender would not be allowed to jump from residence to residence. The offender was also asked to provide a urinalysis test. Prior to providing the test, the offender admitted that he smoked marijuana on July 13, 2013, and signed a drug use admission form. The offender's written statement regarding his use is as follows: "I bought a cigarette from a guy I passed on the street. After a few drags, it changed to add a little bit of marijuana in it. I immediatly threw it away but I did smoke a little before I realized it was in there."

On July 16, 2013, the undersigned inquired of the offender's plan to reside at the two residences. The offender indicated he was still trying to figure it out, so the undersigned instructed him to provide the information by the end of the day. The offender failed to provide the requested information.

The undersigned contacted the offender on July 17, 2013, to find out where the offender had stayed the previous night. The offender advised that he stayed in a hotel, he further advised that he had traveled to the District of Idaho, near Sandpoint, Idaho, to sweat (a Native American purification ceremony). He advised that he returned to Spokane late and was not able to stay at either residence, although he reportedly was traveling with one of the two family members where he had previously stayed.

To the offender's credit, he complied with instructions to begin mental health treatment at the Spokane Tribe of Indians. To date, he has failed to attend one scheduled treatment session. His counselor advised that the offender has been very difficult during sessions and

Re: Bird-Lake, Adrian Aaron
July 17, 2013
Page 4

believes he may not be treatable. However, she has agreed to continue working with the offender.

**Offender Characteristics:**

As reflected in the offender's presentence report, the offender has little criminal history. He has a history of mental health problems and a history of marijuana use. He has very little employment history, and was terminated from his most recent employment, after approximately 1 month, due to his lack of motivation and sitting on the job.

**Statutory and Guideline Provisions:**

Pursuant to 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release, and require the offender to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release, except that a offender whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than 1 year in any other case.

Pursuant to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the offender is required to serve a term of imprisonment, the Court may include a requirement that the offender be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed upon revocation of supervised release.

As a cost-containment measure, in March 2004, the Judicial Conference endorsed a non-binding policy that substantially restrains enhanced sentencing authority. This policy was incorporated in our agency's Monograph 109, *The Supervision of Federal Offenders:*

*Although it is statutorily permissible to impose a new term of supervised release in most post-April 30, 2003, cases, officers should ordinarily recommend a new supervised release sentence only when the prison time imposed for the current violation, plus any prison time imposed for a prior revocation(s) of this term of supervised release, is less than the maximum prison term set forth at 18 § 3583(e)(3).*

Re: Bird-Lake, Adrian Aaron
July 17, 2013
Page 5

If revoked, the following options are available for sentencing:

**Original Criminal History Category:** I
**Grade of Violation:** C
**Class of Offense:** Class E Felony

|  | **Statutory Provisions** | **Guideline Provisions** |
|---|---|---|
| **CUSTODY:** | Not more than 1 year | 3-9 months |
| **SUPERVISED RELEASE:** | 12 months minus custody imposed | 12 months minus custody imposed |

It is respectfully recommended that the Court issue a warrant requiring Adrian Aaron Bird-Lake to appear to answer to the allegation in the attached petition.

Respectfully submitted,

Scott M. Morse, Sr.
Chief U. S. Probation Officer

By: s/Shane Moore            07/17/2013
    Shane Moore              Date
    U. S. Probation Officer

APPROVED BY:

s/Scott M. Morse, Sr.        07/17/2013
Scott M. Morse, Sr.          Date
Chief U.S. Probation Officer

SM:wh